**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Payton Brown, | ) | Civil Action No. 2:25-cv-03491-BHH-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Summerville Primary Care, P.A.; | ) | |
| LeeAnn Bridges; David Baggett; and | ) | |
| Summerville Medical Spa, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Defendants' Motion to Dismiss for failure to prosecute. ECF No. 31. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter has been referred to the undersigned United States Magistrate Judge for pretrial management and for proposed findings of fact and recommendations. For the reasons that follow, the undersigned recommends that Defendants' Motion to Dismiss be granted.

## **BACKGROUND**

On March 21, 2025, Plaintiff, represented by counsel, filed the Complaint in this employment discrimination action in state court. ECF No. 1-1. Defendants removed the case to this Court on April 25, 2025, ECF No. 1, and filed an Answer on May 1, 2025, ECF No. 4. On May 1, 2025, the Court issued a Conference and Scheduling Order stating that discovery in the case may begin. ECF No. 5 at 1. With leave of the Court, Plaintiff filed an Amended Complaint, ECF No. 23, and Defendant filed an Answer on October 1, 2025, ECF No. 24. *See* ECF No. 22.

On November 17, 2025, Plaintiff's attorney moved to withdraw his representation. ECF No. 25. Attached to the Motion was a sworn affidavit signed by Plaintiff in which she stated that she had instructed her counsel to submit the Motion to Withdraw and that she understood that the

lawsuit would remain pending, that she would be unrepresented until she obtained new counsel, and that she would need to obtain other counsel or proceed without an attorney. ECF No. 25-1 at 1–2, ¶¶ 4, 7–8.

In an Order issued December 5, 2025, the Court granted the Motion to Withdraw and concurrently extended the pretrial deadlines by 90 days. ECF No. 26. The deadline for completing discovery is presently March 30, 2026, and dispositive motions are due by May 28, 2026. *Id.* In the same Order, the Court instructed Plaintiff to notify the Court, by February 3, 2026, of her intention as to whether she planned to retain new counsel or proceed pro se. *Id.* The Court provided the following admonition: "If Plaintiff fails to comply with this Order, **her case may be dismissed, in accordance with Rule 41 of the Federal Rules of Civil Procedure, for violating this Order or for failing to prosecute her case**." *Id.* at 2 (emphasis in original). To date, Plaintiff has not responded to the Court's December Order, and no attorney has entered an appearance on her behalf. *See generally*, Docket.

On February 10, 2026, Defendants filed a Motion to Dismiss for Failure to Prosecute. ECF No. 31. Because no attorney had made an appearance on behalf of Plaintiff at that time, the Court issued an order on February 11, 2026, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if she failed to adequately respond to Defendants' Motion. ECF No. 32. Plaintiff was specifically advised that if she failed to respond adequately, Defendants' Motion may be granted, thereby ending her case. *Id.* The *Roseboro* Order was mailed to Plaintiff at her address of record, and the deadline for Plaintiff to file a response to the Motion to Dismiss was March 16, 2026. *See id.*; ECF No. 33. Notwithstanding the specific warning and instructions as set forth in the Court's *Roseboro* Order, Plaintiff has failed to respond to Defendants' Motion or to contact the Court in any way.

2

**DISCUSSION**

Federal courts have the inherent power to dismiss an action, either *sua sponte* or on a party's motion, for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962). "If the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Fed R. Civ. P. 41(b).

"The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629–30. In considering whether to impose such a dismissal, the court should consider "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (per curiam) (quoting *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)).

In their Motion, Defendants argue, among other things, that Plaintiff has not taken any action towards discovery since before September 5, 2025, evidencing a history of dilatory behavior. ECF No. 31-1 at 4. They also contend that, as evidenced by Plaintiff's affidavit attached to counsel's Motion to Withdraw, "Plaintiff has known since at least mid-November that she would need to prosecute this action or retain other counsel to prosecute it on her behalf." *Id.* at 3 (citing ECF No. 25-1, ¶ 8). Defendants maintain that Plaintiff alone bears responsibility for failing to comply with the Court's instructions and to communicate with the Court following the December Order. *Id.* Defendants also argue that they have suffered and will continue to suffer prejudice in spending time and resources litigating this case, and they maintain that dismissal is the only appropriate sanction. *Id.* at 4.

3

Upon review, the undersigned agrees with Defendants that all four *Lopez* factors weigh in favor of dismissal. *See Lopez*, 669 F.2d at 920; *see also* ECF No. 31-1 at 3–5. First, Plaintiff bears sole responsibility for her failure to communicate with the Court and her noncompliance with the Court's December 2025 Order, which warned her that her case may be dismissed for failure to respond to the Order. Moreover, not only has Plaintiff not responded to the Court's December 2025 Order, but she also has not engaged in any discovery with Defendants since her counsel was relieved, nor did she respond to Defendants' Motion to Dismiss, despite the Court's *Roseboro* Order instructing her to do so. Thus, Plaintiff is personally responsible for proceeding in a dilatory fashion over the course of months. Further, Defendants are suffering prejudice because of having to expend time and resources on a case that Plaintiff appears to have abandoned. Finally, no sanction other than dismissal likely would be effective, given Plaintiff's failure to respond to Court filings despite Court orders requiring her to do so. Accordingly, the undersigned recommends that Defendants' Motion to Dismiss the instant action pursuant to Rule 41(b) be granted.

## RECOMMENDATION

It is **RECOMMENDED** that Defendants' Motion to Dismiss for Failure to Prosecute (ECF No. 31) be **GRANTED** and that this action be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO RECOMMENDED**.

**The parties are referred to the Notice Page attached hereto.**

Molly H. Cherry
United States Magistrate Judge

March 23, 2026
Charleston, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

5