IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Payton Brown,                              )
                                           )
                    Plaintiff,             )
                                           )     Civil Action No. 2:25-cv-3491-BHH
v.                                         )
                                           )     **ORDER**
Summerville Primary Care, P.A.;            )
LeeAnn Bridges; David Baggett;             )
and Summerville Medical Spa, LLC,          )
                    Defendants.            )
_____    )

On March 21, 2025, Plaintiff Payton Brown ("Plaintiff"), represented by counsel, filed an employment discrimination action in state court. (ECF No. 1-1.) Defendants removed the action to this Court on April 25, 2025, and filed an answer on May 1, 2025. (ECF Nos. 1, 4.) Plaintiff thereafter filed an amended complaint and Defendant filed an answer on October 1, 2025. (ECF Nos. 22, 24.)

On November 17, 2025, Plaintiff's counsel moved to withdraw his representation, an the Court granted counsel's request. (ECF Nos. 25, 25-1, 26.) The Magistrate Judge specifically instructed Plaintiff to notify the Court as to whether she planned to retain new counsel or proceed *pro se.* (ECF No. 26.) However, Plaintiff did not respond to the Magistrate Judge's order, and she does not appear to have obtained new counsel.

On February 10, 2026, Defendants filed a motion to dismiss for failure to prosecute. (ECF No. 31.) The Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences of a failure to respond to Defendants' motion. (ECF No. 32.) Plaintiff did not respond to Defendants' motion or respond to the Court in any way.

Therefore, on March 23, 2026, the Magistrate Judge issued a report and

recommendation ("Report"), outlining the issues and recommending that the Court grant Defendants' motion to dismiss this action for failure to prosecute (ECF No. 31) and dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  (ECF No. 34.) Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis**.  Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 34), and the Court grants Defendants' motion to dismiss for failure to prosecute (ECF No. 31) and dismisses this case pursuant to Rule 41 of**

**the Federal Rules of Civil Procedure.**

    **IT IS SO ORDERED.**

                                     /s/Bruce H. Hendricks
                                     United States District Judge

April 15, 2026
Charleston, South Carolina